IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BRANDON A. PLATERO,
On behalf of himself and all similarly situated

        Plaintiff,

v.

THE UNITED STATES OF AMERICA,

        Defendant.

Case No.   25-782 C

Class and Collective Action

**COMPLAINT**

Brandon A. Platero ("Plaintiff") brings this action against Defendant United States of America ("United States") and alleges the following:

**INTRODUCTION**

1. This is an action for denial of pay under 5 U.S.C. § 5538 due to Plaintiff and other similarly situated federal civilian employees who also serve as military reservists.

2. "Tens of thousands of federal civilian employees serve the Nation as military reservists. When the military calls those reservists to active duty, it often pays them less than they earn in their civilian jobs." *Feliciano v. Dep't of Transportation*, 605 U.S.__, No. 23-861, slip op. at 1 (Apr. 30, 2025).

3. Indeed, a Department of Defense survey showed that of approximately 35,000 reserve personnel, 41 percent of respondents reported a loss of income during mobilization and deployment. S. Rep. No. 108- 409, at 2 n.2 (2004) (citing Defense Manpower Data Center, Report No. 2002-005, DRAFT Tabulations of Responses from the 2000 Survey of Reserve Component Personnel: Vol 1, Military Background iv, 326-327 (Aug. 2002)).

4. To address this issue and to support federal employee reservists, the Reservists

Pay Security Act was first introduced in Congress in 2001 and was eventually enacted into law as part of the Omnibus Appropriations Act of 2009. It is now codified at 5 U.S.C. §5538 ("Section 5538").

5. In relevant part, Section 5538(a) applies to any "employee who is absent from a position of employment with the Federal Government in order to perform active duty in the uniformed services pursuant to a call or order to active duty under … a provision of law referred to in section 101(a)(13)(B) of title 10[.]" In turn, 10 U.S.C. §101(a)(13)(B) lists a number of provisions followed by the catchall "or any other provision of law during a war or *during a national emergency* declared by the President or Congress." (Emphasis added).

6. For many years, Defendant instructed all agencies to apply Section 5538 and provide differential or "top up" pay for reservists absent from their civilian employment with the federal government only for those whose service had a "substantive connection" to a particular national emergency. Section 5538 requires the government to "top up" reservists' military pay to meet what they would have been paid in their civilian roles.

7. As the Supreme Court recently clarified, however, for a federal civilian employee called to active duty service "during a national emergency" to be entitled to differential pay under Section 5538, the employee need only show that the employee's service temporally coincides with a declared national emergency, and the employee-reservist is not required to demonstrate that their service bears some additional, substantive connection to a particular national emergency. *Feliciano*, slip op. at 4-9 (abrogating *Adams v. Department of Homeland Security*, 3 F.4th 1375).

8. Under the National Emergencies Act, 50 U.S.C. §§ 1601-1651, which formalizes the power of the President to declare official national emergencies, the United States has been under an ongoing national emergency since at least September 14, 2001. *See, e.g.*, Proclamation

7463, *Declaration of National Emergency by Reason of Certain Terrorist Attacks* (Sept. 14, 2001) & *Notice on the Continuation of the National Emergency with Respect to Certain Terrorist Attacks*, 86 Fed. Reg. 50,835 (Sept. 10, 2021); *see also, e.g.*, Executive Order 13405, *Blocking Property of Certain Persons Undermining Democratic Processes or Institutions in Belarus* (June 16, 2006); Executive Order 13536, Blocking Property of Certain Persons Contributing to the Conflict in Somalia (April 12, 2010); Executive Order 13694, *Blocking the Property of Certain Persons Engaging in Significant Malicious Cyber-Enabled Activities* (April 1, 2015); Executive Order 13851, *Blocking Property of Certain Persons Contributing to the Situation in Nicaragua* (Nov. 27, 2018); Executive Order 14014, *Blocking Property with Respect to the Situation in Burma* (Feb. 10, 2021); Executive Order 14156, *Declaring a National Energy Emergency* (Jan. 20, 2025).

9.  This case seeks to recover the differential pay that the Nation's federal employee reservists are owed for their active-duty service in times of national emergency. While the government has historically paid those reservists whose units are directly involved in responding to a national emergency, it has underpaid Plaintiff and scores of others who have served in other active duty roles during those emergencies.

10. As the Supreme Court has made clear: "A federal civilian employee called to active duty pursuant to 'any other provision of law ... during a national emergency' is entitled to differential pay without having to prove that his service was substantively connected in some particular way to some particular emergency." *Feliciano*, slip op. at 4-9.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to the Tucker Act, 28 U.S.C. §1491(a)(1).

12. The statutory basis for invoking jurisdiction is 5 U.S.C. § 5538.[1]

13. Section 5538 is money-mandating.

14. This complaint alleges money damages in excess of $10,000.

15. In accordance with 28 U.S.C. § 2501, this action is brought within six years from the date Defendant wrongfully denied Plaintiff his due pay differential.

**PARTIES**

16. Plaintiff Brandon A. Platero is a Sergeant (E5) in the United States Army Reserve, and has served since May 5, 2021.  From approximately October 10, 2023, through September 19, 2024, Plaintiff was deployed for active duty with the Reserve in connection with two distinct but related military operations: Operation Inherent Resolve ("OIR"), a coalition effort to defeat Daesh in Iraq and Syria, and Operation Spartan Shield, aimed at strengthening defense relationships and building partner capacity in Southwest Asia.

17. Plaintiff is also a civilian employee of Defendant United States pursuant to Title 5 of the United States Code.  At the time he was placed on active duty, and continuing through the present, he was employed as a Senior Officer Specialist at Federal Correction Complex Coleman, a correctional institution within the Federal Bureau of Prisons ("BOP"), U.S. Department of Justice ("DOJ"), in Coleman, Florida.

18. Defendant United States is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203(d), (x).

**FACTUAL ALLEGATIONS**

19. Plaintiff serves in the United States Army Reserve and currently holds the rank of Sergeant. (E-5).

---

[1] Plaintiff is not required to bring his Section 5538 differential pay claim before the Merit Service Protection Board.  *See, e.g.*, *Downey v. United States*, 147 Fed. Cl. 171, 178-79 (2020).

20. Plaintiff currently is, and was at the time of the occurrences giving rise to this Complaint, a civilian employee of the Federal Bureau of Prisons ("BOP"), U.S. Department of Justice ("DOJ"), in Coleman, Florida. In his civilian employment, Plaintiff has been paid at the GL-8, Step 4 level and GL 8, Step 5 level.

21. On or about April 20, 2023, Plaintiff received mobilization orders, ordering him to active duty. A true and correct copy of Plaintiff's mobilization orders are attached hereto as Exhibit A.

22. Plaintiff's orders specify that he is "Ordered to Active Duty for Operational Support Under Provision of Section 12301(D), Title 10, United States Code." The stated purpose of Plaintiff's mobilization is "Active Duty for Operational Support."

23. In relevant part, the Reservist Differential Pay Statute provides:

> An employee who is absent from a position of employment with the Federal Government in order to perform active duty in the uniformed services pursuant to a call or order to active duty under a provision of law referred to in section 101(a)(13)(B) of title 10 shall be entitled, while serving on active duty, to receive, for each pay period described in subsection (b), an amount equal to the amount by which—
>
> (1) the amount of basic pay which would otherwise have been payable to such employee for such pay period if such employee's civilian employment with the Government had not been interrupted by that service, exceeds (if at all)
>
> (2) the amount of pay and allowances which (as determined under subsection (d))—
> (A) is payable to such employee for that service; and
> (B) is allocable to such pay period.
>
> 5 U.S.C. § 5538(a).

24. In turn, 10 U.S.C. § 101(a)(13)(B) refers to the following provisions of law: "section 688, 12301(a), 12302, 12304, 12304a, 12305, or 12406 of this title, chapter 15 of this title, or any other provision of law during a war or *during a national emergency declared by the*

*President or Congress.*" (Emphasis added). Title 10 U.S.C. § 101(a)(13)(B) relates to and defines the term "contingency operation."

25. Plaintiff's mobilization began on or about October 10, 2023, and continued until on or about September 19, 2024.

26. There was at least one national emergency in effect for the entire duration of Plaintiff's active duty service.

27. While mobilized, Plaintiff received military pay as an E05, rather than civilian pay as a GL-8, Step 4.

28. Over the course of his mobilization, the total differential between Plaintiff's military pay and his civilian pay was over $10,000. Defendant therefore denied Plaintiff over $10,000 due to failing to provide for his differential pay as required under Section 5538.

## CLASS ACTION ALLEGATIONS

29. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

30. This action is properly maintainable as a Class Action under Rule 23 of the Rules of the Federal Court of Claims ("RCFC").

31. Plaintiff bring this class action pursuant to RCFC 23 (a) and (b) on behalf of the following class (hereinafter, "Differential Pay Class" or "Proposed Class"):

> All federal employees who, at any time from May 5, 2019, through the present, were not paid the difference between their federal civilian salary and their military pay during their time spent in active duty during a national emergency.

32. Plaintiff is a member of the Differential Pay Class he seeks to represent.

33. The proposed members of the Differential Pay Class identified herein are so numerous that joinder of all members is impracticable. There are tens of thousands of federal civilian employees who also serve the Nation as military reservists, and when the military calls those reservists to active duty, it often pays them less than they earn in their civilian jobs.

34. The question of law and fact common to the Differential Pay Class predominate over any questions that may affect only individual class members. Questions of law and fact that are common to all members of the Differential Pay Class include: (1) whether Defendant paid class members differential pay between their federal civilian salary and their military pay during periods of active duty service; (2) whether a national emergency was in effect during class members' active duty service; (3) whether Defendant violated Section 5538 by failing to provide differential pay as the result of class members' service not having a "substantive connection" to a particular emergency.

35. Defendant acted on grounds that apply generally to the putative class when it failed to pay federal employee reservists differential pay under Section 5538 when their active duty service took place during a national emergency. Plaintiff's claims are typical of the claims of the Differential Pay Class. Plaintiff and the putative class members were all subject to Defendant's policies and practices of failing to pay differential pay to federal employees on active duty per 5 U.S.C. § 5538 and 10 U.S.C. § 101(a)(13)(B).

36. Plaintiff will fairly and adequately represent and protect the interests of the members of the Differential Pay Class because: (1) he is willing and able to represent the proposed class and have every incentive to pursue this action to a successful conclusion; (2) his interests are not antagonistic to those of the other class members; and (3) he is represented by counsel experienced in litigating class actions, including those on behalf of federal employees.

37. Plaintiff understands his obligations as a class representative, is familiar with the facts and circumstances giving rise to this action, and intends to carry out the duties of a class representative

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff and the Proposed Class lack the financial resources to

adequately prosecute separate lawsuits individually against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the United States' failure to provide the differential pay under Section 5538 for federal employee reservists whose active duty took place during a national emergency.

39. Plaintiff has given his written consent to join this action pursuant to RCFC 23. Such written consent, containing Plaintiff's name, address, and signature, are appended to this Complaint.

## FIRST CAUSE OF ACTION
## FAILURE TO PROVIDE DIFFERENTIAL PAY
## IN VIOLATION OF 5 U.S.C. § 5538

39. Plaintiff and the Proposed Class re-allege and incorporates by reference the allegations contained above.

40. Plaintiff and the Proposed Class were absent from their federal civilian employment in order to perform active duty military service in support of military operations under orders issued pursuant to 10 U.S.C. § 12301(d) during a time of national emergency declared by the President. Such orders fall within the scope of 5 U.S.C. § 5538(a).

41. Throughout their entire mobilization, Plaintiff and the Proposed Class were entitled to re-employment rights with respect to his position within the BOP under Chapter 43 of Title 38, United States Code.

42. Plaintiff and the Proposed Class did not receive the pay to which they were otherwise entitled by virtue of their employment with Defendant during their mobilization.

43. Plaintiff and the Proposed Class were therefore denied differential pay under 5 U.S.C. § 5538 during their mobilization.

## PRAYER FOR RELIEF

Wherefore, Plaintiff pray that this Court grant judgment against Defendant as follows:

(a) that the Court certify the Proposed Class and issue notice of the same to the Proposed Class;

(a) Payment of all wrongfully denied differential pay due to them under the law,

(b) Interest on such wrongfully denied differential pay, accruing as of the dates on which such payments were to be made;

(c) Award to Plaintiff of costs and attorneys' fees; and

(d) Grant any other relief that the Court deems just and proper.

Dated: May 6, 2025

Respectfully submitted,

**/s/ HEIDI R. BURAKIEWICZ**
Heidi R. Burakiewicz

Heidi R. Burakiewicz
**BURAKIEWICZ & DEPRIEST**
1015 15th Street N.W.
Suite 600
Washington, D.C. 20005
hburakiewicz@bdlawdc.com

Michael J. Scimone*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2005
Email: mscimone@outtengolden.com

Mikael A. Rojas*
**OUTTEN & GOLDEN LLP**
1225 New York Ave NW, Suite 1200B
Washington, DC 20005
Telephone: (202) 847-4400
Facsimile: (646) 952-9114
Email: shuhta@outtengolden.com
Email: mrojas@outtengolden.com

*Attorneys for Plaintiff and the Proposed Class*

*Application for Bar Admission to the Court of Federal Claims Forthcoming